**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Jeff Mirabile, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 10-3213 (DRD) |
| : | |
| Township of Livingston, et al., : | |
| : | |
| Defendants. : | |

SHIPP, United States Magistrate Judge

**REPORT AND RECOMMENDATION**

This matter came before the Court by way of an Order to Show Cause as to why the Undersigned should not recommend that the Plaintiffs identified below be dismissed from the case for failure to comply with multiple Court Orders and failure to prosecute the present matter. This Report and Recommendation ("R&R") is issued pursuant to the Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1)(B). For the reasons expressed below, the Undersigned respectfully recommends that the District Court dismiss the following Plaintiffs from the present matter: The Association of Current and Retired Livingston Auxiliary Police Officers, Inc. (hereinafter "Association"), Tony Mong, Robin Drylie, and Ed Meyer (collectively, "Plaintiffs" or "the Individual Plaintiffs").

I.      **Background**

On June 23, 2010, Defendants filed a Notice of Removal from the New Jersey Superior Court Law Division, Essex County. (Docket Entry Number ("Doc. No.") 1.) On September 17, 2010, the Honorable Dickinson R. Debevoise, U.S.D.J. ("Judge Debevoise"), held a Show Cause hearing to address an Application for a Preliminary Injunction filed by Plaintiffs. (Doc. No. 32, Tr. of the Appl. for a Prelim. Inj. ("Transcript").) During the Show Cause hearing, Judge Debevoise also addressed the issue of the discoverability of financial records held by the Association. In fact, the Show Cause hearing Transcript reflects extensive dialogue with the Court regarding Defendants' need to obtain the financial records to determine whether Association funds were used for improper purposes. At the close of the Show Cause hearing, Judge Debevoise put his Opinion on the record. ("Opinion".) In his Opinion, Judge Debevoise specifically stated that Defendants could "continue to investigate any financial impropriety that may have been committed up to the use of the various auxiliary entities and take appropriate action." (Tr. 66:23-67:1.) Judge Debevoise also noted that it was entirely appropriate for Defendants to "ask for [the] production of the financial records" of the Association. (Tr. 67:16-23, 68:25-69:1.)

However, despite Judge Debevoise's Opinion on the discoverability of the financial records, this Court was made aware of the continued dispute through correspondence from Defendants on May 24, 2011. (Doc. No. 65.) The correspondence advised the Court of Plaintiffs' failure to respond to Defendants' initial discovery requests served on April 12, 2011, which included a request for the Association's financial records. Plaintiffs were required by this Court to file a response on or by June 8, 2011, which for a variety of reasons, was not completed until June 27, 2011. Additionally, on August 11, 2011, Plaintiffs' counsel filed a Motion to Withdraw as Attorney, based

2

in large part, on Plaintiffs' lack of communication with counsel. (Doc. No. 90-2, Pls.' Br. in Supp. of the Mot. to Withdraw 2.)

On August 22, 2011, in response to the continued dispute regarding the discoverability of the Association's financial records, this Court issued an Order requiring the Association to turn over all of its financial records and books from 2009 to the present to Defendants by August 29, 2011. (Doc. No. 98.) Plaintiffs again refused to turn over the financial records, and instead filed a Motion for Reconsideration, which was denied on October 19, 2011. (Doc. No. 122.) In the Order denying Plaintiffs' Motion for Reconsideration, the Court reiterated that the Association was required to turn over the financial records to Defendants. (*Id.*) Instead of complying with this Court's August 22, 2011 and October 19, 2011 Orders, which were entirely consistent with and followed the direction Judge Debevoise set forth in this case over one full year ago, on October 26, 2011 Plaintiffs' counsel submitted correspondence to the Court as to why counsel would not turn over the financial records of the Association. (Doc. No. 123.) According to the correspondence "Jeff Mirabile, the president of the Association[1], [] demanded that [Plaintiffs' counsel] not comply with the Books and Records Order." (*Id.*) Plaintiffs' counsel's correspondence also referenced the pending Motion to Withdraw as Attorney due to the lack of communication from the Association and the Individual Plaintiffs. Shortly after the October 26, 2011 correspondence to the Court from Plaintiffs' counsel, this Court ordered Plaintiffs' counsel to deliver the financial records pursuant to the August 22, 2011 Order to

---

[1] Jeffrey Mirabile, as the President of the Association, has been participating as the "lead" Plaintiff. Mr. Mirabile has been the only Plaintiff to appear in Court; however, Mr. Mirabile failed to appear for the Order to Show Cause hearing.

3

the Undersigned. On November 1, 2011, Plaintiffs' counsel delivered a briefcase to the Undersigned, which purportedly belonged to the Association and contained a variety of documents.[2]

On November 14, 2011, this Court held a Show Cause hearing to address why the Undersigned should not recommend that the District Court dismiss the Association, Tony Mong, Robin Drylie, and Ed Meyer from the present matter for failure to comply with multiple Court Orders and failure to prosecute the case. (Doc. No. 120.) The Court ordered the Plaintiffs to provide a pre-hearing submission to address their failure to prosecute the matter and comply with multiple Court Orders; Plaintiffs failed to comply by the November 7, 2011 deadline. (*Id.*) Rather, on November 10, 2011, Plaintiffs' counsel submitted a status letter to advise the Court that counsel mailed correspondence via certified mail to the Individual Plaintiffs, but received no response. (Doc. No. 134.) Additionally, no representative of the Association appeared for the Show Cause hearing, nor did any individual member of the Association appear before the Court to explain their failure to comply with multiple Court Orders and failure to prosecute the present matter.

---

[2] The Undersigned ordered Plaintiffs' counsel to submit the financial records to Chambers to resolve the issue of the financial records. However, Plaintiffs' counsel submitted a briefcase to the Court that contained numerous items and documents aside from the financial records ordered by the August 22, 2011 Order. Among other miscellaneous items, the briefcase included: the Livingston Auxiliary Police Association bank and address stamp, a calculator, a booster sticker, blank checkbooks, a ziploc bag of rubber bands, a 2007 mini calendar, and a CD titled "12/23/06 quick books back up." During the Show Cause hearing, the Undersigned required Plaintiffs' counsel, along with Defendants, to sort through and catalog all of the items to be turned over to Defendants since the documents submitted to the Court were completely unorganized and not batestamped.

## II. Discussion

If a party fails to obey an order to provide or permit discovery, Federal Rule of Civil Procedure 37 permits the Court to "dismiss the action . . . or render a judgment by default against the disobedient party." *Roadway Express v. Piper*, 447 U.S. 752, 763 (1980) (citations omitted). In the Third Circuit, courts apply the following factors in determining whether to impose a punitive dismissal under Rule 37: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness;" (4) whether the party's conduct or the attorney's conduct was in bad faith or willful; "(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *James Indus., Inc. v. Lexar Corp.*, 60 Fed. Appx. 385, 388 (3d Cir. 2003) (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).) However, not all of the factors need to be satisfied in order to dismiss a complaint. (*Id.*)

### A. Dismissal of the Association

A consideration of the relevant factors leads this Court to conclude that dismissal of the Association's Complaint is warranted for its failure to comply with multiple Court Orders and failure to prosecute the present matter. For over a year, the Association refused to turn-over its financial records in spite of multiple Court Orders requiring the Association to do so. Specifically, the Association failed to abide by the August 10, 2011 Order, which required it to produce all outstanding discovery by a date certain. (Doc. No. 89.) The Association also failed to comply with the August 22, 2011 Order, which required Plaintiffs to specifically turn-over all requested financial records and books of the Association from 2009 to the present. (Doc. No. 98.) Instead, the

Association continued to delay the matter by filing various letters and motions.

The Association is solely responsible for its failure and has caused prejudice to Defendants' ability to litigate the present matter. Defendants clearly expressed their need for the financial records as early as September of 2010, and discussed the financial records at length during the Show Cause hearing before Judge Debevoise on September 17, 2010. (*see* Tr.) Additionally, the Association has failed to submit any documents to the Court, which convinces the Court that the Association intends to rectify their actions or otherwise prosecute this case going forward. Furthermore, the Association has had a history of dilatoriness and non-responsiveness; its actions do not comport with those of a party that intends to prosecute its case in accordance with the New Jersey Federal Practice Rules. While counsel for the Association may argue that the fault for the Association's non-compliance falls with Plaintiff Jeffrey Mirabile, it is clear to the Undersigned that the Association itself is independently responsible as a plaintiff to comply with Court orders. Unfortunately, the Court does not find that any alternative sanctions are appropriate under the facts of the present matter. Therefore, the Undersigned respectfully recommends that the Court dismiss the Complaint as to the Association.

### B. Dismissal of the Individual Plaintiffs: Tony Mong, Robin Drylie, and Ed Meyer

A consideration of the relevant factors leads this Court to conclude that dismissal of Plaintiffs' Complaint is also warranted as to the Individual Plaintiffs for their failure to comply with multiple Court Orders and failure to prosecute the present matter. Specifically, the Court notes that on August 11, 2011, Plaintiffs' counsel filed a Motion to Withdraw as Attorney based on Plaintiffs' lack of communication with counsel. (Pls.' Br. in Supp. of the Mot. to Withdraw 2.) Plaintiffs' counsel's brief states that "[o]ver a period of months, various emails were sent to the members

regarding the litigation, []; the members, however, did not respond. Even when Mirabile requested that the members contact counsel regarding aspects of the litigation, the members did not do so." (*Id.*) The brief continues to describe the lack of communication between Plaintiffs and counsel: "[w]hile multiple emails were forwarded, to date, some members have still not responded; others expressly stated that they did not wish to continue; and only three members stated that they did." (*Id.*) Plaintiffs' counsel certifies that numerous attempts were made to communicate with the Individual Plaintiffs over a period of months, but to no avail. (*Id.* at 3.)

The Individual Plaintiffs' unresponsiveness to their own counsel resulted in the Motion to Withdraw as Attorney. (*Id.* at 2.) Additionally, not a single one of the Individual Plaintiffs appeared for the Order to Show Cause hearing on November 14, 2011 to address their failure to prosecute the present matter. Furthermore, the Individual Plaintiffs have failed to submit any documents to the Court, which would convince the Court that the Individual Plaintiffs intend to rectify their actions or otherwise prosecute this case going forward. The Individual Plaintiffs are solely responsible for the failure and their history of dilatoriness behavior, which has resulted in prejudice to Defendants' ability to litigate the matter. It is impossible for a Court to manage a case that the Individual Plaintiffs refuse to prosecute. Since the Individual Plaintiffs did not appear for the Show Cause hearing, and have not communicated with their counsel or the Court in any manner, the Undersigned has no reason to believe that any alternative sanctions are appropriate under the facts of the present matter. Therefore, the Undersigned recommends that the Court dismiss the Complaint as to the Individual Plaintiffs.

### III.     Conclusion

Based on the foregoing reasons, and for good cause shown, the Undersigned respectfully recommends that the Court dismiss the following Plaintiffs from the present matter: The Association of Current and Retired Livingston Auxiliary Police Officers, Inc., Tony Mong, Robin Drylie, and Ed Meyer.

Respectfully submitted,

_____
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

Dated: January 5, 2012